**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EMILY LUCAS,<br>Plaintiff,<br>v.<br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, *et al*.,<br>Defendants. | Case No. 26-cv-2774-BAS-DEB<br><br>**ORDER SETTING ORAL ARGUMENT ON UNIVERSITY DEFENDANTS' MOTION TO DISMISS (ECF No. 21)** |

The Court hereby **ORDERS** Plaintiff and the University Defendants to appear for oral argument in **Courtroom 12B on Friday, December 4, 2026 at 1:30 p.m.** The parties should be prepared to discuss the points and authorities in the motion (ECF No. 21), in addition to the following matters:

(1) The Ninth Circuit in *Jamgotchian v. Ferraro*, 93 F.4th 1150 (9th Cir. 2024) cast serious doubt on the continued vitality of a case the University Defendants rely on in making their judicial exhaustion argument, *Doe v. Regents of the University of California*, 891 F.3d 1147 (9th Cir. 2018).

a. How does *Jamgotchian* apply (or not) to the instant case?

b. *Jamgotchian* also addressed a two-step inquiry that a state agency proceeding must satisfy in order to be given preclusive effect. How do the disciplinary proceedings here satisfy this inquiry?

(2) The Court has reviewed the relevant cases cited in the briefing on quasi-judicial immunity. None, however, apply quasi-judicial immunity to public school administrators conducting adversarial disciplinary proceedings. The Court has not identified any cases doing so in its own research.

a. Are there any cases applying quasi-judicial immunity to defendants in a capacity similar to that of Trapp and Schaps (i.e., school administrators presiding over or managing disciplinary proceedings)? Is this an issue of first impression?

b. If there are none, is that consistent with the Supreme Court's statement that it has been "quite sparing" in its recognition of absolute immunity? *See Burns v. Reed*, 500 U.S. 478, 487 (1991).

c. Are the circumstances of this case closer to those that denied absolute immunity to the prison disciplinary officials in *Cleavinger v. Saxner*, 474 U.S. 193 (1985)? Why or why not?

**IT IS SO ORDERED.**

**DATED: November 13, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**